# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GREGORY LEON SPATCHER, CDCR #BJ-9222,

    Plaintiff,

vs.

SAN DIEGO SHERIFF DEP'T; VISTA DETENTION FACILITY; SAN DIEGO CENTRAL JAIL; GEORGE BAILEY DETENTION FACILITY; DEPUTY ESCOBAR; DEPUTY LAKE; VISTA DETENTION MEDICAL; CENTRAL JAIL DEPUTIES,

    Defendants.

Case No. 19-cv-01919-BAS-BLM

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**

**AND**

**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)**

Plaintiff Gregory Leon Spatcher, currently incarcerated at the California Institution for Men ("CIM") in Chino, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report. *See* ECF No. 2 at 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff only had $0.07 in his account at the time he filed this action. Because Plaintiff's available balance was insufficient to impose an initial partial filing fee at the time of filing, the Court will not direct the Secretary of the CDCR, or his designee, to collect an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). However, the balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Factual Allegations</u>

Plaintiff was housed at the San Diego Central Jail ("SDCJ") on May 24, 2019, where he "caught the flu." (Compl. at 4.) Plaintiff asked unnamed deputies to take him to "medical," but "they complained that they [were] short staf[fed] and they would not be able to." (*Id.*) Four days later, Plaintiff's "sickness ha[d] gotten worse," and he again asked to be taken to "medical for treatment" but was again told that they could not because they were "short staf[fed]." (*Id.*) On May 31, 2019, Plaintiff "felt so sick" he "hit the button on the box" and told "the deputy that [he] can't take it anymore and [he] was going man-down." (*Id.*) However, Plaintiff alleges the deputy refused to respond to his "man down." (*Id.*)

On June 4, 2019, a "nurse came in the module to check [Plaintiff's] temp, blood pressure," and gave him "some medical attention." (*Id.*) On June 10, 2019, Plaintiff "filed a grievance about [his] mental health" and claimed that he had not received mental health treatment for a month. (*Id.*) He alleges that he was "hearing voices" and he had "already

4

19cv1919

made [one] bad mistake by taking a [four] year prison term [due to him] being off [his] meds." (*Id.*) On June 23, 2019, Plaintiff "saw a psych doctor." (*Id.*)

Plaintiff alleges that on multiple dates in the months of May, June, and July of 2019 he was "refused medical or mental health treatment" from either SDCJ or the George Bailey Detention Facility ("GBDF"). (*Id.* at 5.) Plaintiff claims that he "took a [four] year prison term after begging the jails and putting in request after request to see a psych doctor to start [his] medication." (*Id.*) Plaintiff alleges "it never happen[ed]" and "now [he is] in prison for something [he] didn't do." (*Id.*)

On July 25, 2019, Plaintiff "asked Deputy Lake" to take him to "medical" because he "had gotten [his] teeth pulled." (*Id.* at 6.) However, while Deputy Lake told him that he would take Plaintiff to medical, "he never did." (*Id.*) The following day, Plaintiff asked Deputy Lake again to take him to medical and Lake "sarcastically" told Plaintiff "oops" that he had forgotten but he would take him. (*Id.*) However, Deputy Lake did not take Plaintiff to medical. (*See id.*)

The following day, Plaintiff "asked Deputy Escobar" to take him to "medical" and informed Deputy Escobar that his pain was a "10" using a scale of "1 to 10." (*Id.*) Deputy Escobar told Plaintiff "he had a lot going on at the moment" but he would take Plaintiff "after night count." (*Id.*) However, Deputy Escobar later refused to take Plaintiff to "medical" and informed him that there was no point because "they are not going to do anything but send you back anyways." (*Id.*) Plaintiff told Deputy Escobar that "it's [expletive] up you are refusing me medical treatment" but Deputy Escobar "walked off." (*Id.*) Deputy Escobar purportedly contacted the "Dispatch Deputy" and told him to "tape" Plaintiff's door so he "could not go have chow." (*Id.*) Plaintiff informed this Deputy that he would "sue this jail," and the Deputy opened Plaintiff's cell door. (*Id.* at 7.) Plaintiff was not provided breakfast that day and claims he "had to starve that day." (*Id.*)

Plaintiff was "shipped to Chino State Prison" on July 29, 2019. (*Id.*) Plaintiff was seen by a dentist on August 12, 2019, who asked him "how did [his] mouth get infected." (*Id.*) Plaintiff later discovered that he had a "broken wisdom tooth." (*Id.*) Plaintiff alleges

5

that this was the result of "negligent dental work" while he was housed at GBDF on July 27, 2019. (*Id.*)

Plaintiff seeks unspecified injunctive relief, along with $25,000,000 in compensatory damages, $20,000,000 in punitive damages, and $5,000,000 for "pain and suffering." (*Id.* at 9.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Eighth Amendment claims

While Plaintiff alleges facts relating to his conditions of confinement while housed in County of San Diego facilities, it appears from the factual allegations in his Complaint that he is raising claims post sentencing and therefore, is not a pre-trial detainee during the times referenced in his Complaint.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-104). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989)).

Even though Plaintiff fails to provide substantial factual allegations, at this screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffering from the flu, as well has having unspecified mental health issues, sufficient to show he suffered an objectively serious medical and mental health needs. *See* Compl. at 6; *McGuckin*, 914 F.2d at 1059.

However, even assuming Plaintiff's medicals needs were sufficiently serious, his Complaint fails to include any further "factual content" to show that Defendants acted with "deliberate indifference" to those needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Plaintiff alleges that he had "caught the flu" and requested that Defendants take him to be medically examined. (Compl. at 4.) However, other than claiming to have the flu, he does not describe any of his symptoms that would alert any of the Defendants as to how severe his illness should have been perceived.

To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates a "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this]

7

indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Plaintiff never describes the ultimate harm he may have suffered by the purported failure to treat his illness.

As to Plaintiff's mental health care claims, he alleges that he was denied mental health care for more than a month. (*See* Compl. at 4.) Plaintiff must allege facts sufficient to show that each individual person he seeks to sue "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (providing liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of a federally protected right). Here, Plaintiff fails to identify any specific individual whom he claims is responsible for this alleged delay in receiving mental health care services.

Plaintiff also alleges that was subjected to "negligent dental work" while housed at GBDF. (Compl. at 7.) However, the alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood*, 900 F.2d at 1334.

According, Plaintiff's Eighth Amendment claims are **DISMISSED** for failing to state a claim upon which relief may be granted.

E.  Municipal Liability

In addition, to the extent Plaintiff names the "San Diego Sheriff's Department" ("SDSD"), Vista Detention Facility ("VDF"), SDCJ, and GBDF as Defendants, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, local law enforcement agencies, like the SDSD and its detention facilities, are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D.

8

Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSD is a law enforcement agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the "San Diego Sheriff's Department," VDF, SDCJ, or GBDF. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff may have intended to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

9

19cv1919

1      Thus, the claims against the San Diego Sheriff Department, VDF, SDCJ, and GBDF
are **DISMISSED** for failing to state a claim upon which relief may be granted.

F.     Leave to Amend

Accordingly, the Court finds Plaintiff's Complaint fails to state a plausible claim against any named Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III.   Conclusion and Order**

For the reasons explained, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.     **DIRECTS** the Secretary of the CDCR, or his designee, to garnish the $350 filing fee owed in this case by collecting monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.

Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5. The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: December 16, 2019**

Hon. Cynthia Bashant
United States District Judge