UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEON SPATCHER, CDCR #BJ-9222,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF DEP'T; VISTA DETENTION FACILITY; SAN DIEGO CENTRAL JAIL; GEORGE BAILEY DETENTION FACILITY; DEPUTY ESCOBAR; DEPUTY LAKE; VISTA DETENTION MEDICAL; CENTRAL JAIL DEPUTIES; COUNTY OF SAN DIEGO,<br><br>    Defendants. | Case No.: 3:19-cv-01919-BAS-BLM<br><br>**ORDER:**<br><br>**1) DISMISSING DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS LAKE AND ESCOBAR PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

## I. Procedural History

On October 2, 2019, Plaintiff Gregory Leon Spatcher, currently incarcerated at the California Institution for Men ("CIM") in Chino, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his

Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

On December 16, 2019, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915(e)(2) & § 1915A. (*See* ECF No. 3.) However, Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 10–11.) Plaintiff was also cautioned that any "[d]efendants not named and any claim not re-alleged in his amended complaint will be considered waived." (*Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

On January 9, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 4.) In his FAC, Plaintiff no longer names Defendants San Diego Sheriff Department, Vista Detention Facility, San Diego Central Jail, George Bailey Detention Facility, Vista Detention Medical, or Central Jail Deputies in this matter. Thus, the claims against these Defendants are deemed waived and the Clerk of Court is directed to terminate these Defendants from the docket. *See Lacey*, 693 F.3d at 928.

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The

purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff was housed at the San Diego Central Jail ("SDCJ") on May 24, 2019 where he "caught the flu." (FAC at 4.) Plaintiff asked unnamed Deputies to take him to "medical" but "they complained that they were short staffed and they would not be able to." (*Id.*) Four days later, Plaintiff's "sickness has gotten worse" and he again asked to be taken "for medical treatment" but was again told that they could not because they were "short staffed." (*Id.*) On May 31, 2019, Plaintiff "felt so sick" he "hit the button on the box" and told "the deputy that [he] could not take the pain anymore and [he] was going man-down." (*Id.*) However, Plaintiff alleges the deputy refused to respond to his "man down." (*Id.*)

On June 4, 2019, a "nurse came in the module to check [Plaintiff's] temp, blood pressure," and gave him "some medical attention." (*Id.*) On June 10, 2019, Plaintiff was "in [his] cell trying to figure out what [he] was going back to prison for when [he] started hearing voices." (*Id.*) Plaintiff alleges that these "voices [were] telling [him] to try and [break] out because [he] is innocent." (*Id.*) Plaintiff was arrested on May 7, 2019 and "saw the clinician on the 8th or 9th and never saw anyone else until June 23, 2019." (*Id.*) As a result, Plaintiff claims he was "forced into taking this [plea] deal." (*Id.*)

On July 25, 2019, Plaintiff "asked Deputy Lake to take [him] to medical because [he] had gotten a tooth pulled and the pain felt unusual." (*Id.* at 5.) However, while Deputy Lake told Plaintiff he would take him to "medical" but he "never did." (*Id.*) The following day, Plaintiff informed Lake that he had a swollen jaw and a "sharp, throbbing pain" from where the tooth had been pulled." (*Id.*) Plaintiff alleges Lake "sarcastically said oops and said he had forgotten [to take Plaintiff to medical] but he would take [him]" but he "never took" Plaintiff to medical. (*Id.*)

The following day Plaintiff asked Deputy Escobar to "take [him] to medical" and Escobar responded that he "had a lot going on at the moment but he would take [Plaintiff] to medical after count." (*Id.*) Plaintiff informed Escobar that he was suffering from a pain level of "10 using a scale of 1 to 10." (*Id.*) Later, however, Escobar purportedly "refused" to take Plaintiff to "medical and informed [Plaintiff] that there was no point because they are not going to do anything anyway but send [Plaintiff] back." (*Id.*) Following this interaction, Plaintiff claims Escobar told the "Dispatch Deputy" to "tape" Plaintiff's cell door so that he could not "go to chow." (*Id.*) Plaintiff was ultimately given a breakfast that he "could not eat" because he was on a "special diet." (*Id.*) As a result, Plaintiff claims that he had to "starve until lunch." (*Id.*)

"On multiple dates in the months of May, June, and July of 2019," Plaintiff claims he was "refused medical or mental health treatment" while housed at the San Diego Central Jail ("SDCJ") and the George Bailey Detention Facility ("GBDF"). (*Id.* at 6.) Plaintiff claims he was "begging the jails" and "putting in request after request to see a psych

doctor" and it "never happen[ed]." (*Id.*) As a result, Plaintiff claims that as a result, he is "now in prison because [his] mind was too weak while hearing voices." (*Id.*) On June 23, 2019, "a psych doctor came to [his] cell" to talk to Plaintiff "about meds" but refused to talk to Plaintiff "one on one." (*Id.*)

On July 29, 2019, Plaintiff was "shipped to Chino State Prison" where he later was examined by a dentist. (*Id.*) Plaintiff alleges that this dentist "discovered that [he] had a broken piece of the wisdom teeth stuck in the bottom of the right side of [his] jaw" which allegedly caused an infection. (*Id.*) Plaintiff claims this "was the result of negligent dental work which housed at GBDF." (*Id.*)

Plaintiff seeks damages against the County of San Diego for $20,0000, Deputy Lake for $250,000, Deputy Escobar for 1,000,000, "John Doe, mental health" for $20,000,000, compensatory damages in the amount of $20,000,000, punitive damages in the amount of $25,000,000 and $5,000,000 for pain and suffering. (*See id.* at 8.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

5

**D. Eighth Amendment Claims[1]**

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Once again, the Court will assume that Plaintiff's allegation of having suffering from the flu, as well has having mental health issues, sufficient to show he suffered objectively

---

[1] As an initial matter, while Plaintiff alleges facts relating to his conditions of confinement while housed in County of San Diego facilities, it appears from the allegations in his FAC that he is raising claims post-sentencing and therefore, was not a pre-trial detainee during the times referenced in his FAC. Therefore, the Eighth Amendment deliberate indifference standard applies to Plaintiff's claims.

6

serious medical and mental health needs. *McGuckin*, 914 F.2d at 1059.

The Court finds that Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief against Defendants Lake and Escobar that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123

However, Plaintiff's FAC fails to include any further "factual content" to show that the remaining Defendants acted with "deliberate indifference" to his serious medical or mental health needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678. To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates that Defendants "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).

Plaintiff claims that he was denied adequate mental health treatment by an unnamed "psych doctor" on one occasion. (FAC at 5.) Specifically, while the doctor purportedly came to Plaintiff's cell to discuss his mental health and medications, Plaintiff maintains that he should have been examined in a "one on one" setting. (*Id.* at 6.) However, "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); *Wilhelm*, 680 F.3d at 1122–23.

Plaintiff also alleges that was subjected to "negligent dental work" while housed at GBDF. (FAC at 5.) However, the alleged indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106.

7

Accordingly, while the Court finds that Plaintiff's Eighth Amendment claims against Lake and Escobar survive the sua sponte screening process, the Court also finds that Plaintiff's Eighth Amendment claims against "John Doe Psych Doctor" must be dismissed for failing to state a claim upon which relief may be granted.

### E. Municipal Liability

Finally, to the extent Plaintiff names the County of San Diego as a Defendant, he fails to state a claim upon which § 1983 relief may be granted. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Plaintiff does not allege his rights were violated as a right of the County's policy of custom, thus, the claims against the County of San Diego are **DISMISSED** for failing to state a claim upon which relief may be granted.

## III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Defendants San Diego Sheriff Dept., Vista Detention Facility, San Diego Central Jail, George Bailey Detention Facility, Vista Detention Medical, Central Jail Deputies. *See Lacey*, 693 F.3d at 928. The Clerk of Court is directed to terminate these Defendants from the docket.

///

8

2. **DISMISSES** Defendants County of San Diego and John Doe, Psych Doctor for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915 (e)(2) and § 1915A. The Clerk of Court is directed to terminate these Defendants from the docket.

3. **DIRECTS** the Clerk to issue a summons for **Lake** and **Escobar** as to Plaintiff's FAC (ECF No. 4) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of the Court's December 16, 2019 Order, certified copies of his FAC, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

4. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the Defendants **Lake** and **Escobar** as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the

Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

**DATED: January 27, 2020**

Hon. Cynthia Bashant
United States District Judge