# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEON SPATCHER, CDCR #BJ-9222, <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO SHERIFF DEP'T, *et al.*, <br><br> Defendants. | Case No. 19-cv-1919-BAS-BLM <br><br> **ORDER DISMISSING CASE** |

Plaintiff Gregory Leon Spatcher filed a first amended complaint on January 9, 2020. On January 27, 2020, the Court dismissed certain Defendants but permitted the case to go forward against Defendants Lake and Escobar. (ECF No. 5.) The Court ordered the Clerk to forward to Plaintiff blank U.S. Marshal Form 285s for these two Defendants and ordered Plaintiff to fill out the forms and return them to the United States Marshal for service. No proof of service was filed. On July 14, 2020, the Court ordered Plaintiff to show cause why Defendants have not been served. The Court ordered Plaintiff to file a response to the order informing the Court whether and when he filled out and returned the U.S. Marshal Form 285s. His response was due by August 7, 2020, and the Court noted: "*Failure to timely respond will result in this case being dismissed for failure to prosecute.*" (ECF No. 8.)

Plaintiff did not respond.

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.)), *cert. denied*, 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")  The circumstances in which a court may exercise its inherent power to dismiss an action include an action where a plaintiff has failed to prosecute the case. *Link*, 370 U.S. at 630. In determining whether to exercise this power, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61.

Defendants Lake and Escobar have not been served and Plaintiff has failed to respond to the Court's order explaining why service has not occurred. While the Court prefers resolving cases on their merits, this case cannot proceed without service.  The Court finds the above factors weigh in favor of dismissal.  Accordingly, the Court **DISMISSES** this case without prejudice.  The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: August 13, 2020**

Hon. Cynthia Bashant
United States District Judge